# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| United States, | ) | |
|---|---|---|
| Respondent, | ) | |
| v. | ) | Case No: 13 C 50350 |
| Luis Angel, | ) | |
| Movant. | ) | Judge Frederick J. Kapala |

## ORDER

Grounds one, three, and four of Angel's § 2255 motion are dismissed pursuant to Rule 4(b) of the Rules Governing § 2255 proceedings. The government is ordered to file an answer, motion, or other response to ground two on or before 12/6/2013. Angel to file a reply, if any, on or before 12/20/2013.

## STATEMENT

Before the court for initial review under Rule 4(b) of the Rules Governing Section 2255 Proceedings is a motion by Luis Angel[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On July 23, 2012, Angel pleaded guilty to being an alien found in the United States without authority after having been removed in violation of 8 U.S.C. § 1326(a) & (b)(2). On November 5, 2012, the court sentenced Angel to 63 months' imprisonment. Angel did not file a direct appeal. Angel now raises four grounds in support of his § 2255 motion, namely that he was deprived of the effective assistance of counsel when his counsel failed (1) to provide him with discovery on a CD-ROM; (2) to do an adequate investigation and to inform the court that Angel's mother was born in the United States such that he is not an illegal alien; (3) to request a "fast-track" plea agreement from the government; and (4) to file a sentencing memorandum.

Under § 2255, a prisoner in federal custody may challenge the validity of his confinement "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Angel has not done so with regard to his grounds one, three, or four.

With respect to ground one, a criminal defendant represented by counsel has no constitutional right to his own copy of the discovery materials. See Kincade v. Wolfenbarger, No. 04-CV-72599-DT, 2007 WL 1364709, at *5 (E.D. Mich. May 9, 2007); Gaughan v. United States, No. 2:02 CV 169, 2006 WL 2798155, at *13 (N.D. Ind. Sept. 28, 2006). Consequently, Angel has

---

[1] Movant was charged as Luis Angel Suarez-Federico in the underlying criminal case, see Case No. 12 CR 50016, but the court will refer to him as Luis Angel in this order because that is how he names himself in his § 2255 motion.

not asserted that counsel's performance was constitutionally deficient for failing to provide him with a CD-ROM of his discovery materials. Moreover, Angel fails to explain how this alleged failure affected his decision to plead guilty and has thereby failed to allege prejudice.

Ground three also fails to allege a constitutional deprivation. Presumably, Angel is referring to Deputy Attorney General James M. Coles's January 31, 2012, memorandum directing all United States Attorney's offices prosecuting felony illegal reentry cases to implement a fast-track policy no later than by March 1, 2012. See Memorandum for all United States Attorneys from James M. Cole, Deputy Attorney General: Department Policy on Early Dispostion or "Fast-Track" Programs (Jan. 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf (hereinafter "memorandum"). However, this memorandum is an internal Department of Justice document and not a law of the United States or a constitutional provision. See Memo, at pg. 1 ("This memorandum sets forth the revised policy and criteria for fast-track programs. It provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal, nor does it place any limitations on otherwise lawful litigative prerogatives of the Department."). Counsel cannot be deficient for failing to seek a plea agreement term that Angel was not entitled to under the laws of the United States or the Constitution. In addition, Angel has not asserted that the government would have offered to recommend a reduction of his sentence pursuant to a fast-track program had counsel requested it, or that he would have qualified for a reduction under any fast-track program. See United States v. Anaya–Aguirre, 704 F.3d 514, 518 (7th Cir. 2013) (holding that "a district court must address a fast-track disparity argument explicitly only when the defendant has made a sufficient evidentiary showing that he would be eligible for fast-track treatment in a district with such a program"). Angel has therefore failed to allege prejudice.

Angel's claim in ground four, that his counsel failed to file a sentencing memorandum, is belied by the record. Counsel filed a seven-page sentencing memorandum on October 22, 2012. See Case No. 12 CR 50016, Docket #17. The court also notes that Angel has not identified any portion of the sentencing memorandum which is constitutionally deficient.

For the foregoing reasons, it plainly appears from the motion and the record of the prior proceedings that Angel is not entitled to relief on grounds one, three, and four. Consequently, these three grounds are dismissed pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In ground two, Angel argues that:

The appoint[ed] counsel was ineffective by did [sic] not do[ing] a full investigation at pre-trial sted [sic] a[n] important iss[u]e in relation of the immigration status of the Petitioner's mother born in [the] U.S. of America at . . . Nogales AZ on March 19, 1919; that his mother gave to the Petitioner a not Illegal alien status –the defence [sic] counsel was ineffective by did [sic] not informed this Hon. Court of this important issue.

The following quote from the sentencing memorandum that counsel filed on Angel's behalf makes clear that she informed the court that Angel's mother was a U.S. citizen: "[Angel's] mother was a United States citizen, but because [Angel] was born in Mexico and there is no evidence that his parents were not married at the time of his birth, he is a Mexican citizen." However, whether counsel fully investigated the significance of that fact with respect to Angel's citizenship is unclear.

2

The court's own research reveals that under the law applicable on the date Angel was born, March 19, 1947, Angel would have acquired United States citizenship at birth from his citizen mother if (1) she was not married to Angel's father[2], or (2) if she was married to Angel's father and she had been physically present in the United States for 10 years prior to his birth, 5 of which were after age 16.[3] Defense counsel apparently presumed that Angel's mother was married to her father, but did not indicate that the physical presence requirement was unmet. Consequently, with respect to ground two, this court cannot say that it plainly appears from the motion and the record that Angel is not entitled to relief. Therefore, Angel can proceed with ground two only, and the government must respond.

Date: 11/8/2013　　　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　　FREDERICK J. KAPALA

　　　　　　　　　　　　　　　　　　　　　　District Judge

---

[2] 8 U.S.C. § 605 (1946 Ed.).

[3] The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." Chau v. INS, 247 F.3d 1026, 1029 (9th Cir. 2000) (citations omitted). Angel was born in 1947. Thus, § 201(g) of the Nationality Act of 1940 is applicable to his citizenship claim which states in pertinent part that:

> A person born outside of the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien.

8 U.S.C. § 601(g) (1946 Ed.).